IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FITZGERALD L. SMITH, JR., et al, <br><br> Plaintiffs pro se, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, and MORRIS SCHNEIDER WITTSTADT, LLC, <br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:15-CV-00971-WSD-WEJ |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendants Nationstar Mortgage LLC and Morris Schneider Wittstadt, LLC filed Motions to Dismiss the Complaint on April 9, 2015. (See Docket Entries [4] and [6], respectively.) Within the time allowed by law, plaintiff pro se had not filed a response to those Motions. See N.D. Ga. R. 7.1(B) ("[a]ny party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion."). Thus, on May 7, 2015, the undersigned issued an Order [9] noting that fact and stating as follows:

> Under the Local Rules, "[f]ailure to file a response shall indicate that there is no opposition to the motion." N.D. Ga. R. 7.1(B). See also Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997) ("[U]nder Local Court Rule 7.1 of the United States District Court for the Northern District of Georgia, factual and legal claims to which there is no response should be treated as unopposed.").
>
> Although this Court could recommend dismissal now, the undersigned prefers to address a case on its merits. See Magluta v. Samples, 162 F.3d 662, 665 (11th Cir. 1998) (per curiam) (should a nonmovant party fail to respond in timely fashion, a district court may dismiss the action, although "the granting of a motion on these grounds is not automatic and . . . lies within the discretion of the district judge."). In the event that plaintiffs pro se are unaware of their obligations, the undersigned **ORDERS** plaintiffs pro se to file a written response to the pending motion to dismiss within **FOURTEEN DAYS (14)** of the date of this Order. Plaintiffs are **CAUTIONED** that failure to obey this Order will result in a Recommendation that their case be **DISMISSED WITH PREJUDICE**. See N.D. Ga. R. 41.3(A)(2), (B) ("[A] dismissal for want of prosecution operates as an adjudication upon the merits of the action unless the court specifies otherwise . . . .").

(Order of May 7, 2015, at 1-2.)

On the fourteenth day, i.e., May 21, 2015, plaintiffs filed a Motion [10] seeking an additional ten days to respond to defendants' Motions. In an oral Order dated May 27, 2015, the undersigned granted plaintiffs' request, but ordered that they must respond by June 8, 2015. (See Docket.) The Court Room Deputy Clerk mailed a copy of that docket entry to plaintiffs. (Id.)

2

Plaintiffs did not file their Response by the deadline of June 8, 2015. Instead, on June 9, they filed a Response [12] and a Motion [13] seeking an additional ten days to allow an attorney (James E. Watkins) to file a response on their behalf.

The Court has been lenient with these plaintiffs pro se. An earlier failure to file a response was forgiven and plaintiffs were given a second chance, but they were warned that a failure to comply would result in a recommendation that their case be dismissed. (See Order of May 7, 2015, at 2 (citing N.D. Ga. R. 41.3(A)(2) and quoting N.D. Ga. R. 41.3(B)).) The Court extended the deadline another ten days upon their request, but plaintiffs pro se failed to meet it.

A district court may sua sponte dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. See Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. Donaldson v. Clark, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987) (en banc); see also Betty K Agencies, Ltd., 432 F.3d at 1337. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order,

3

especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Although the Court will liberally construe pro se pleadings, pro se litigants are still required to conform to the procedural rules. Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam). Liberal construction does not mean liberal deadlines. See Vanderberg v. Donaldson, 259 F.3d 1321, 1325-26 (11th Cir. 2001).

Applying these standards here, given that plaintiffs were forewarned that their failure to meet the deadline would result in a recommendation of dismissal, and given that plaintiffs missed the extended deadline, the undersigned **DENIES** Plaintiff[s'] Request for an Additional 10 Days [13] and, as promised, **RECOMMENDS** that this case be **DISMISSED** for plaintiffs' failure to comply with this Court's Order, but that the dismissal be **WITHOUT PREJUDICE**.

AO 72A
(Rev.8/82)

**SO ORDERED AND RECOMMENDED**, this 12th day of June, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FITZGERALD L. SMITH, JR., et al,<br><br>　　　　Plaintiffs pro se,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>and MORRIS SCHNEIDER<br>WITTSTADT, LLC,<br>　　　　Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-CV-00971-WSD-WEJ |

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 14-01 (N.D. Ga. Aug. 15, 2014), has been filed. The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **FOURTEEN (14)** days of service of this Order.  Should objections be filed, they shall specify with particularity the

alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection, subject to interests-of-justice plain error review. 11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED AND DIRECTED**, this 12th day of June, 2015.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE