IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FITZGERALD L. SMITH, JR. and
THE ESTATE OF FITZGERALD
L. SMITH, Sr.,

               Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC
and MORRIS, SCHEIDER,
WITTSTADT, LLC,

               Defendants.

1:15-cv-971-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [14] ("R&R"). The Magistrate Judge recommended that this action be dismissed without prejudice for Plaintiffs Fitzgerald L. Smith, Jr.'s and The Estate of Fitzgerald L. Smith, Sr.'s ("Plaintiffs") failure to comply with the Magistrate Judge's May 27, 2015, Order.

**I.    BACKGROUND**

On January 16, 2015, Plaintiffs filed their "Petition for Wrongful Foreclosure, Breach of Contract, Violation of the Fair Credit Reporting Act, and Complaint for TRO and Permenent [sic] Injunction" [1-1] ("Complaint"). On

April 2, 2015, Defendant Nationstar Mortgage LLC ("Nationstar") removed [1] the Complaint to this Court.  On April 9, 2015, Defendant Nationstar filed its Motion to Dismiss [4] ("Motion").[1]

On May 7, 2015, the Magistrate Judge noted that Plaintiffs had not filed a response to the Motion.  (May 7, 2015, Order, [9] at 1).  The Magistrate Judge, instead of deeming the Motion unopposed,[2] granted Plaintiffs additional time to respond.  The Magistrate Judge ordered Plaintiffs to respond to the Motion within fourteen (14) days of the May 7, 2015, Order.  (Id. at 2).  The Magistrate Judge admonished Plaintiffs that their failure to obey would result in a recommendation that the case be dismissed without prejudice.  (Id.).

On May 21, 2015, Plaintiffs filed their Motion for Extension of Time to File Response [10] ("First Motion for Extension").  On May 27, 2015, the Magistrate Judge granted the Motion for Extension, and ordered Plaintiffs to respond to the Motion on or before June 8, 2015.

On June 9, 2015, Plaintiffs filed their Response [12] and Motion for An Additional 10 Days [13] ("Second Motion for Extension").  These pleadings are the same document, docketed separately, in which Plaintiffs request an additional

---

[1] On April 9, 2015, Defendant Morris, Scheider, Wittstadt, LLC also filed its Motion to Dismiss [6].

[2] See LR 41.3(A)(2), NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

ten (10) days to allow an attorney to respond to the Motion. (Second Motion for Extension at 1).

On June 12, 2015, the Magistrate Judge denied Plaintiffs' Second Motion for Extension, and recommended that this action be dismissed without prejudice for Plaintiffs' failure to comply with the Magistrate Judge's May 27, 2015, Order. (R&R at 3-4). The Magistrate Judge noted that he had been lenient with Plaintiffs, forgiving their earlier failure to file a timely response to the Motion and giving them an additional fourteen (14) days to do so, and then extending that deadline by to June 8, 2015. (R&R at 3). Plaintiffs Second Motion for Extension and Response was filed after this deadline.[3]

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

---

[3] The Court notes that Plaintiffs' Response addresses only a portion of Nationstar's arguments, and Plaintiffs' arguments are conclusory and not persuasive. It is clear that Plaintiffs did not intend this to be their actual response to the Motion, but instead wanted additional time to have an attorney file a responsive pleading. This document was also filed after the deadline set by the Magistrate Judge.

1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiffs did not object to the R&R and the Court thus reviews it for plain error

> B.    Analysis

The Magistrate Judge found that Plaintiffs failed to comply with the May 27, 2015, Order, and recommended that the Court dismiss this action.  The Court finds no plain error in the Magistrate Judge's findings and recommendation.  See Slay, 714 F.2d at 1095.  Plaintiffs' failure to comply with the Magistrate Judge's May 27, 2015, Order, warrants the dismissal of this action without prejudice.  See LR 41.3(A)(2), NDGa. (The court may, with or without notice to the parties, dismiss a civil action for want of prosecution if . . . [a] plaintiff . . . shall, after notice,  . . . fail or refuse to obey a lawful order of the court . . . .").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 8th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE